```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


SAMUEL DELINE O'NEIL,              §
TDCJ-CID NO. 920771,               §
                                   §
            Petitioner,            §
                                   §
vs.                                §    CIVIL ACTION NO. H-06-2413
                                   §
NATHANIEL QUARTERMAN,              §
                                   §
            Respondent.            §
```

**MEMORANDUM OPINION AND ORDER**

Samuel Deline O'Neil, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus challenging a state court conviction. 28 U.S.C. § 2254. After notifying O'Neil that his petition appeared to be untimely and granting him an opportunity to respond pursuant to Day v. McDonough, 126 S.Ct. 1675, 1684 (2006), the court has concluded from the pleadings and available records that the petition should be dismissed pursuant to 28 U.S.C. § 2244(d).

**I. Procedural History**

According to available records and the petition (Docket Entry No. 1), O'Neil was convicted of aggravated robbery and sentenced to thirty years in prison after entering a plea of guilty. State v.

O'Neil, No. 835,234 (230th Dist. Ct., Harris County, Tex., Apr. 27, 2000).  O'Neil filed an appeal, which was dismissed by the Court of Appeals for the Fourteenth District of Texas.  O'Neil v. State, No. 14-00-00654-CR, 2001 WL 619319 (Tex. App. -- Houston [14th Dist.] June 7, 2001, no pet.).  No petition for discretionary review was filed after the Court of Appeals issued its opinion.  Id.; see also Texas Judiciary Website, http://www.14thcoa.courts.state.tx.us/opinions.  O'Neil filed one state application for a writ of habeas corpus.  The Texas Court of Criminal Appeals denied the application without a written order based on the findings of the trial court.  Ex parte O'Neil, No. 52,949-01 (Tex. Crim. App. Sept. 25, 2002).  Texas Judiciary Website, http://www.14thcoa.courts.state.tx.us/opinions.

The federal habeas petition pending in this action is deemed to be filed on June 29, 2006, the date it was executed.  Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).  The court examined the petition and made a preliminary finding that it was untimely since it had been filed more than three years and nine months after the state habeas application was denied.  The court ordered O'Neil to show cause why his claims should not be barred by the statute of limitations.  (Docket Entry No. 5)  In response, O'Neil filed a 'Motion to Show Cause.'  (Docket Entry No. 6)

## II.  Claims

In his petition (Docket Entry No. 1, at 7) O'Neil contends that he received ineffective assistance of counsel because his counsel failed to

1. conduct an independent investigation and instead relied upon the state's facts;

2. interview alibi witnesses;

3. file any pre-trial motions; and

4. file an appeal after O'Neil had requested that he do so.

## III.  One-Year Statute of Limitation

O'Neil's federal habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).  Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

O'Neil challenges the validity of a state court judgment. Therefore, his challenge is subject to the time limit set out under § 2244(d)(1)(A).  Since O'Neil did not file a PDR, his conviction became final on July 9, 2001, the last day that he could have filed a PDR.[1]  Roberts v. Cockrell, 319 F.3d 690, 692-93 (5th Cir. 2003) (the limitations period commenced when the thirty-day period for filing a PDR in state court ended), citing TEX. R. APP. PROC. 68.2(a).  Therefore, O'Neil needed to either file his federal habeas petition by July 7, 2002, or toll the running of the limitation period by filing a state application for a writ of

---

[1] July 7, 2001, fell on a Saturday.

habeas corpus before that date.   28 U.S.C. §§ 2254(d)(1)(A), 2254(d)(2).

O'Neil does not state when he filed his state habeas application.  The court contacted the Harris County District Clerk's Office and verified that the application was filed on February 11, 2002, which was 217 days after July 9, 2001, the date that his conviction became final.  The application was denied on September 25, 2002, leaving O'Neil 145 days, or until February 17, 2003, to file a federal petition for a writ of habeas corpus. O'Neil did not file the pending habeas petition until June 29, 2006, more than three years after the deadline had passed.

In his Motion to Show Cause (Docket Entry No. 6), O'Neil does not dispute the above findings and asserts no legal argument opposing the conclusion that his petition is time-barred under the provisions of 28 U.S.C. § 2244(d).  Instead, he argues that he is innocent of the crime for which he was convicted and that he entered a guilty plea because his attorney had coerced him into doing so.  Claims of innocence do not provide a justification for equitably tolling the habeas limitations period.   Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002), citing Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

O'Neil has not shown that he was subject to any state action that impeded him from filing his petition in a timely manner.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized

constitutional right upon which O'Neil's petition is based. 28 U.S.C. § 2244(d)(1)(C). Therefore, this habeas action is subject to dismissal because the petition was filed more than one year after the challenged state felony conviction became final. 28 U.S.C. § 2244(d)(1)(A).

## IV.  Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see

also <u>Hernandez v. Johnson</u>, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a Certificate of Appealability, <u>sua sponte</u>, without requiring further briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that O'Neil has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

## V. Conclusion and Order

Accordingly, the court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**. 28 U.S.C. § 2244(d).

2. The Motion to Show Cause (Docket Entry No. 6) is **DENIED**.

3. A Certificate of Appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 6th day of October, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE